PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* DIONISIO TORRES, Defendant and Appellant.

No. 2939. Argued December 10, 1926.—Decided March 31, 1927.

E. *Díaz Viera* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a prosecution for obtaining money under false pretenses the information in substance charged that Dionisio Torres, who was a mortgagor of Antonio Passalacqua, induced the latter to cancel the mortgage by stating that the said Torres was seeking (literally "was having" from the Spanish "*tenía*") a loan from the American Land Bank (Federal Land Bank), and that it was a pre-requisite that the mortgage that appeared in favor of Passalacqua should be canceled in order that the said Torres might put through the loan then under way in said bank; that the said Torres agreed that as soon as he received the money from the Land Bank he would turn over the proceeds to the said Passalacqua, and that, knowing that the said representations (*hechos*) were false, he succeeded in making Passalacqua believe that they were true. Then followed a statement which showed that Torres sold the released land to another person, thus establishing a conversion.

The defendant demurred and apparently the demurrer was overruled. A trial was had before a jury and the defendant was convicted. On appeal the *fiscal* of this court confessed error.

The jurisprudence of this court makes it clear that to secure a conviction in a case like the present one the representations supposed to be false must be of a present or a past event; that generally false representations of future events or of promises not performed do not fall within the sanction of the law; that likewise it must appear that, if there was a statement of a past or present event relied upon by the prosecuting witness, the statement must be of such a nature as to have been the cause of inducing the person alleged to

be defrauded to part with things of value. *People* v. *Ramírez,* 22 P.R.R. 440; *People* v. *Vázquez,* 11 P.R.R. 344; *People* v. *Sierra,* 26 P.R.R. 298.

The defendant, in effect, told the prosecuting witness that he was about to obtain a loan from the Federal Land Bank and that in order to obtain the loan he needed first a cancellation of the pending mortgage. In essence, we think that this is a statement of something that was about to happen and not a representation of an existing or a past fact. Some of the cases show that if the representations are a mixture of promises and of present or past facts, and the representations of the past and present facts were material and the prosecuting witness relied on them, a prosecution might be successful.

While the representations here did not clearly show that the defendant had definitely arranged for a loan with the Federal Land Bank, yet, even supposing that such a definite arrangement had been set forth, we do not think that the representation of a contract agreed upon was the inducing cause whereby Passalacqua consented to cancel the mortgage, but rather his faith in the promise of Torres to pay the money as soon as the loan was effected. The gist of the representation was the promise of Torres to pay Passalacqua as soon as he had effected a loan with the Federal Land Bank.

The information, besides, makes no specification of what were the facts that were false. We find the information insufficient.

Furthermore, at the trial, according to the appellant at least, and we do not find that he was wrong, there was no attempt to show that the statement of Torres of having a loan pending with the Federal Land Bank was false.

The judgment should be reversed and the defendant discharged.